AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

Counts 1-3: 21 U.S.C. §§ 952(a) and 960(b)(6) – Importation of Schedule IV Narcotic Drug;
21 U.S.C. § 853 – Drug Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Counts 1-3: Maximum 5 years' imprisonment, minimum 1 year and maximum lifetime of supervised release; maximum $250,000 fine; $100 special assessment; forfeiture

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

**DEFENDANT - U.S**

▶ JAMES HEYWARD SILCOX III

DISTRICT COURT NUMBER
CR 19 491 JST

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
HSI Special Agent Patrick Thomas

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.
3:19-mj-71534

Name and Office of Person Furnishing Information on this form   David L. Anderson
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Sarah E. Griswold

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☒ Is on Bail or Release from (show District)
   N.D. Cal. (3:19-mj-71534)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction     ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed

DATE OF ARREST ▶     Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

[FILED SEP 26 2019 SUSAN Y. SOONG CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND]

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:     Before Judge:

Comments:

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: Oakland

---

UNITED STATES OF AMERICA,

V.

JAMES HEYWARD SILCOX III,

FILED
SEP 26 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

CR 19 491 JST

DEFENDANT.

---

INDICTMENT

21 U.S.C. §§ 952(a) and 960(b)(6) – Importation of Schedule IV Narcotic Drug;
21 U.S.C. § 853 – Drug Forfeiture Allegation

---

A true bill.

Foreman

Filed in open court this 26 day of SEPT. 2019

Clerk

NO PROCESS
Bail, $                    9/26/19

1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney

FILED
SEP 26 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19 491 JST |
| Plaintiff, | VIOLATIONS: |
| v. | 21 U.S.C. §§ 952(a) and 960(b)(6) – Importation of Schedule IV Narcotic Drug;<br>21 U.S.C. § 853 – Drug Forfeiture Allegation |
| JAMES HEYWARD SILCOX III, | |
| Defendant. | OAKLAND VENUE |

INDICTMENT

The Grand Jury charges:

COUNT ONE:        (21 U.S.C. §§ 952(a) and 960(b)(6) – Importation of Schedule IV Narcotic Drug)

On or about July 11, 2019, in the Northern District of California and elsewhere, the defendant,

JAMES HEYWARD SILCOX III,

knowingly imported tramadol, a Schedule IV narcotic drug, into the United States from a place outside the United States, knowing that the substance he was importing into the United States was tramadol or some other prohibited drug, in violation of Title 21, United States Code, Sections 952(a) and 960(b)(6).

COUNT TWO:        (21 U.S.C. §§ 952(a) and 960(b)(6) – Importation of Schedule IV Narcotic Drug)

On or about August 28, 2019, in the Northern District of California and elsewhere, the defendant,

JAMES HEYWARD SILCOX III,

knowingly imported tramadol, a Schedule IV narcotic drug, into the United States from a place outside the United States, knowing that the substance he was importing into the United States was tramadol or some other prohibited drug, in violation of Title 21, United States Code, Sections 952(a) and 960(b)(6).

COUNT THREE:     (21 U.S.C. §§ 952(a) and 960(b)(6) – Importation of Schedule IV Narcotic Drug)

On or about September 13, 2019, in the Northern District of California and elsewhere, the defendant,

JAMES HEYWARD SILCOX III,

knowingly imported tramadol, a Schedule IV narcotic drug, into the United States from a place outside the United States, knowing that the substance he was importing into the United States was tramadol or some other prohibited drug, in violation of Title 21, United States Code, Sections 952(a) and 960(b)(6).

FORFEITURE ALLEGATION:     (21 U.S.C. § 853(a))

The allegations contained above are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853(a).

Upon conviction of any of the offenses alleged in Counts One through Three above, the defendant,

JAMES HEYWARD SILCOX III,

shall forfeit to the United States all right, title, and interest in any property constituting and derived from any proceeds defendant obtained, directly or indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including but not limited to a forfeiture money judgment.

If any of the property described above, as a result of any act or omission of the defendant:

   a.   cannot be located upon exercise of due diligence;
   b.   has been transferred or sold to, or deposited with, a third party;
   c.   has been placed beyond the jurisdiction of the court;
   d.   has been substantially diminished in value; or
   e.   has been commingled with other property which cannot be divided without
        difficulty,

INDICTMENT                                              2

1 | the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,
2 | United States Code, Section 853(p).
3 |     All pursuant to Title 21, United States Code, Section 853, and Federal Rule of Criminal
4 | Procedure 32.2.

DATED:
9/26/19

A TRUE BILL.

_____
FOREPERSON

DAVID L. ANDERSON
United States Attorney

_____
SARAH E. GRISWOLD
Assistant United States Attorney

INDICTMENT                                3