1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  SARAH E. GRISWOLD (CABN 240326)
   Assistant United States Attorney
5
        150 Almaden Boulevard, Suite 900
6       San Jose, California 95113
        Telephone: (408) 535-5061
7       FAX: (408) 535-5081
        sarah.griswold@usdoj.gov
8
   Attorneys for United States of America
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                   OAKLAND DIVISION

13  UNITED STATES OF AMERICA,            )  CASE NO. 4:19-cr-491 JST
                                         )
14           Plaintiff,                  )  UNITED STATES' SENTENCING
                                         )  MEMORANDUM
15       v.                              )
                                         )
16  JAMES HEYWARD SILCOX III,            )
                                         )
17           Defendant.                  )
                                         )
18  _____  )

19         The defendant James Heyward Silcox III pleaded guilty to Counts One, Two, and Three of the

20  Indictment, charging him with violations of 21 U.S.C. §§ 952(a) and 960(b)(6) for importing Schedule

21  IV narcotic drugs.  The defendant's total offense level is 4, his criminal history category is I, and his

22  Guidelines range is 0 to 6 months. The counts of conviction carry maximum sentences of five years of

23  imprisonment.

24         Based on the application of the factors set forth in 18 U.S.C. § 3553(a), the United States

25  recommends the Court sentence as follows: a term of imprisonment of three months, to be followed by

26  three years of supervised release that includes the conditions proposed by the Probation Office as well as

27  any other conditions deemed appropriate by this Court, a monetary fine of $5,000, a special assessment

28  of $300, and forfeiture of two electronic devices used in furtherance of his crimes.

**FACTS**

Silcox began buying tramadol, a Schedule IV narcotic, online in approximately 2017.  PSR ¶ 12.
He bought tramadol from three overseas suppliers to redistribute in the United States.  PSR ¶ 12.  Silcox
obtained several different P.O. boxes at different Post Offices to receive tramadol.  PSR ¶ 12.  He used
encrypted email and the encrypted communications application Wickr to communicate with his overseas
suppliers.  PSR ¶ 12.  He used encrypted email to receive domestic orders for tramadol, and mailed
tramadol to his customers.  PSR ¶ 12.

Silcox estimated that he shipped 500 to 1,000 pills per month, over two years, to downstream
buyers.  PSR ¶ 12.  Import records revealed at least eight seizures of narcotics bound for Silcox at
various P.O boxes.  PSR ¶ 7.  These seizures included tramadol, modafinil, and cocaine.  PSR ¶ 7.  On
July 11, 2019, Silcox imported approximately 865 grams of tramadol (1,500 tablets) from Singapore.
PSR ¶ 6.  On August 28, 2019, he imported 650, 200 milligram tablets of tramadol from Germany.  PSR
¶ 8.  On September 13, 2019, he imported 458 grams (800 tablets) of tramadol from Singapore.  PSR
¶ 10.

Silcox was arrested in this case on September 17, 2019.  PSR ¶ 4.  By this time, he was growing
his own narcotics distribution business without relying solely on overseas suppliers.  On September 20,
2019, a United States Postal Inspector retrieved two parcels sent to Silcox from Sacramento, which
contained 864 grams (1,500 tablets) and 459 grams (800 tablets) of tramadol, respectively.  PSR ¶ 18.

On September 28, 2019, Coast Guard Investigative Service Special Agents searched Silcox's
office on Coast Guard Island in Alameda.  They found two sealed envelopes with handwritten addresses
and false return addresses.  Ex. 1.  Inside each envelope was a letter seeking to sell tramadol and
carisoprodol (trade name Soma), another Schedule IV controlled substance.  Ex. 1;
https://www.deadiversion.usdoj.gov/drug_chem_info/carisoprodol/carisoprodol.pdf.  The letter is
written to people who recently ordered tramadol from a source in India and to whom Silcox previously
shipped tramadol.  Silcox proposed selling drugs to those customers directly:

> I am the person who shipped you your Tramadol after you ordered it from a crook in
> India (he would pay me to distribute his orders domestically). I recently found out that he
> is ripping American customers off, and left him.

I have Soma and Tramadol available if you are interested. I am American and will give you my personal info if you order from me - I could never get away with ripping you off even if I wanted to!

With me you do not have to bear the risk of your order clearing customs or giving your credit card to some stranger in India over the internet!

I keep my customer base small on purpose, so I can provide the best personal service. My customers love me! Give me a shout if you're interested!

Al SERVICES [email address]

PS - On 4/30 India law changed the categories of Tramadol and Soma to controlled meds in that country, so it's even more critical that customers find domestic vendors. It is now harder and more expensive to stock.

Ex. 1.

## SENTENCING GUIDELINES CALCULATION

The United States agrees with the Probation Officer's Sentencing Guidelines calculation, which should be calculated as follows:

| | | |
|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2K2.1(a)(6): | 6 |
| b. | Acceptance of Responsibility, U.S.S.G. § 3E1.1(a): | -2 |
| | Total Offense Level: | 4 |

At a total offense level 4 and a Criminal History Category of I, the Guidelines call for a sentence of between 0 and 6 months in prison.

## SENTENCING RECOMMENDATION

District courts must impose sentences that promote the "sentencing goals" listed in 18 U.S.C. § 3553(a), and, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 259, 264 (2005).  The Court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the objectives of imprisonment (punishment, deterrence, incapacitation, rehabilitation), the applicable Guidelines range, the policy statements enunciated by the Sentencing Commission, and the need to avoid unwarranted sentence disparities.  18 U.S.C. § 3553(a).  The United States submits that these factors warrant a sentence in the middle of the applicable Guidelines range.

While Silcox may have started to illegally import tramadol for his own personal use, PSR ¶¶ 12, 22, that is not the full extent of his conduct.  Silcox imported and distributed tramadol for two years

1    before he was caught.  He got multiple P.O. boxes to facilitate his drug trafficking.  He used an

2    encrypted email account to communicate with his domestic customers.

3        Silcox attempted to minimize his conduct to the Probation Officer.  He claimed, "I shared the

4    drugs with a couple of friends and did not commit the offense for financial gain." PSR ¶ 22.  Silcox did

5    more than share drugs with his friends.  He solicited customers of his overseas suppliers with letters not

6    identifying himself or his true address.  Ex. 1.  He was actively growing his drug distribution business at

7    the time of his arrest.

8        Considering all of these facts, the United States submits that a mid-range Guidelines sentence is

9    appropriate in this case.  If the Court is inclined to impose a probationary sentence, the United States

10   requests the Court order a condition of 90 days intermittent confinement to be completed within the first

11   12 months of probation.  *See* USSG § 5B1.1 n.1(A), PSR ¶ 82.

12       The United States further requests the Court order the forfeiture of the following two electronic

13   devices Silcox used in furtherance of his drug importation and distribution scheme:

14       a. One Inspiron laptop bearing serial number 8476976198; and

15       b. One Samsung Galaxy S9 bearing serial number 356420092733542.

16   *See* ECF No. 47 (Application for Preliminary Order of Forfeiture).

17                                     **CONCLUSION**

18       The United States asks the Court to sentence James Silcox to three months of imprisonment, to

19   be followed by three years of supervised release that includes the conditions proposed by the Probation

20   Office as well as any other conditions deemed appropriate by this Court, a $5,000 fine, a $300 special

21   assessment, and forfeiture of two electronic devices used in furtherance of his crimes.  This sentence

22   will ensure that the Court imposes "a sentence sufficient, but not greater than necessary" consistent with

23   its obligations under the Congressional mandate of 18 U.S.C. § 3553(a).

24   DATED:  May 21, 2021                          Respectfully submitted,

25                                                STEPHANIE M. HINDS
                                                 Acting United States Attorney
26

27                                               _____/s/_____
                                                 SARAH E. GRISWOLD
28                                               Assistant United States Attorney